UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JODIE LYNN O'BARA,

                Plaintiff,

    -vs-                             **No. 1:14-CV-00775 (MAT)**
                                        **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                Defendant.

---

## I. Introduction

Represented by counsel, Jodie Lynn O'Bara ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

## II. Procedural History

The record reveals that in September 2011, plaintiff filed applications for DIB and SSI, alleging disability beginning November 15, 2010. After her applications were denied, plaintiff requested a hearing, which was held before administrative law judge Donald McDougall ("the ALJ") on March 18, 2013. The ALJ issued an

unfavorable decision on April 19, 2013. The Appeals Council denied review of that decision and this timely action followed.

**III. The ALJ's Decision**

Initially, the ALJ found that plaintiff satisfied the insured status requirements of the Act through December 31, 2015. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 15, 2010, the alleged onset date. At step two, the ALJ found that plaintiff suffered from the severe impairments of lumbar spondylosis, cervical degenerative disease, and fibromyalgia. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the following limitations: she should be able to change positions briefly at least every half hour; she should engage in no climbing, balancing, stooping, kneeling, crouching, or crawling; she should avoid ladders, ropes, and scaffolds; and she could only occasionally bend and twist her spine. At step four, the ALJ found that plaintiff could not perform any past relevant work. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, jobs existed in the national economy

which she could perform. Accordingly, he found that she was not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

**A. Consulting Examiner's Opinion**

Plaintiff contends that a consulting examination performed by Dr. Guatam Arora at the request of the state agency was too vague to support the ALJ's RFC determination. Dr. Arora examined plaintiff on December 19, 2011. Plaintiff reported that was able to cook, clean, do laundry, and shop "if she [was] not too sore because of body pain." T. 339. She was also able to shower, bathe, and dress herself. On physical examination, plaintiff was in no visible distress, her gait and stance were normal, she did not use assistive devices, she needed no help changing or getting on or off the exam table, and she was able to rise from her chair without difficulty. Plaintiff had limited range of motion ("ROM") of the lumbar spine, but full ROM of the cervical spine, shoulders, elbows, forearms, wrists, hips, knees, and ankles. She did not

3

exhibit redness, heat, swelling or effusion, but she demonstrated tenderness in 12 out of 18 trigger points. Dr. Arora opined that plaintiff had "moderate limitation to bending, lifting, twisting, and carrying secondary to lumbar spondylosis, and moderate limitation of physical activity secondary to fibromyalgia." T. 341.

The ALJ gave Dr. Arora's opinion great weight, and found that "[m]oderate limitations in physical activities would seem to reasonably correlate with 'light work,' as light work is really quite limited, exertionally." T. 17. Plaintiff takes issue with this conclusion, and argues that Dr. Arora's use of the word "moderate" rendered his opinion impermissibly vague. In support of her argument, plaintiff cites two Second Circuit cases, contending that they constitute binding precedent requiring this Court to find Dr. Arora's opinion impermissibly vague because the opinion used the word "moderate" as a descriptor of plaintiff's limitations.

The two Second Circuit cases cited by plaintiff, Curry v. Apfel, 209 F.3d 117, 123-24 (2d Cir. 2000), superseded by statute on other grounds, 20 C.F.R. § 416.960(c)(2), and Selian v. Astrue, 708 F.3d 409, 421 (2d Cir. 2013), are readily distinguishable from this case. In Curry, the "only evidence supporting the ALJ's conclusion that [plaintiff] 'retain[ed] the [RFC] to perform . . . at least sedentary work,' [was] [a consulting examiner's] opinion that [plaintiff]'s 'impairment was: [l]ifting and carrying moderate; standing and walking, pushing and pulling and sitting mild.'" 209 F.3d at 123. The Court went on to emphasize that the

4

physician's "use of the terms 'moderate' and 'mild,' *without additional information*, [did] not permit the ALJ . . . to make the necessary inference that [plaintiff could] perform the exertional requirements of sedentary work." Id. (emphasis added). In Selian, the Court found that a consulting examiner's opinion that the plaintiff "should be able to lift . . . objects of a mild degree of weight on an intermittent basis" was "remarkably vague." 708 F.3d at 421.

Neither Curry nor Selian bind this Court to a conclusion that Dr. Arora's opinion was impermissibly vague based simply on use of the word "moderate." Selian is inapposite to consideration of the instant case because the term "mild" was used in that case to refer to the degree of weight, not the plaintiff's degree of limitation. Moreover, as this Court has noted (Siragusa, J.), "Curry does not stand for the broad proposition that a medical source opinion which uses terms like 'mild' or 'moderate' is *always* too vague to constitute substantial evidence." Richardson v. Colvin, 2016 WL 3179902, *7 (W.D.N.Y. June 8, 2016) (emphasis added). While the Court in Curry noted that the ALJ had "no additional information" besides the vague opinion, "courts have held that Curry is inapplicable, even though a medical examiner uses terms like 'mild' or moderate,' if the examiner conducts a thorough examination and explains the basis for the opinion." Richardson, 2016 WL 3179902, at *7; see also Caci v. Colvin, 2015 WL 9997202, *10 (N.D.N.Y. Dec. 22, 2015) ("Relying on [Curry], [p]laintiff correctly points out

5

that a consultative examiner's report which concludes that a claimant's condition is 'mild' or 'moderate' *without additional information* does not allow an ALJ to infer that a claimant is capable of performing the exertional requirements of work. In this case, however, [the consultative examiner's] opinions were supported by her extensive examination of [p]laintiff.") (emphasis added) (citations omitted), report and recommendation adopted, 2016 WL 427098 (N.D.N.Y. Feb. 3, 2016).

Here, Dr. Arora *did* conduct a thorough examination and thereby explained the basis for his opinion. He specified that plaintiff's limitations in bending, lifting, twisting, and carrying stemmed from plaintiff's lumbar spine symptoms, and that she additionally had a moderate limitation of physical activity secondary to fibromyalgia. These conclusions were supported by his physical examination of plaintiff, which was unremarkable aside from ROM limitations in the lumbar spine and trigger point tenderness secondary to fibromyalgia. Substantial evidence – including Dr. Arora's physical exam as well as relatively modest findings of imaging tests and physical exams performed by plaintiff's treating physicians throughout the relevant time period – supported the ALJ's conclusion that "moderate" limitations in the areas specified by Dr. Arora correlated to light work. "Indeed, moderate limitations — such as those assessed by [Dr. Arora – are] frequently found to be consistent with an RFC for a full range of

6

light work." Gurney v. Colvin, 2016 WL 805405, *3 (W.D.N.Y. Mar. 2, 2016) (collecting cases).

Moreover, the ALJ adequately accounted for the moderate limitations found by Dr. Arora in the RFC finding, which limited plaintiff generally to light work with specific limitations in climbing, balancing, stooping, kneeling, crouching, crawling; climbing ropes, ladders, and scaffolds; and bending and twisting the spine. "[T]here is no error simply because the ALJ failed to incorporate the moderate limitation by name, provided that the RFC appropriately reflects that limitation." Gurney, 2016 WL 805405, at *3 (citing, inter alia, Crawford v. Astrue, 2014 WL 4829544, *23 (W.D.N.Y. Sept. 29, 2014) (finding that "although the ALJ did not discuss the moderate limitations assessed by [the non-examining physician], he incorporated moderate limitations into his RFC by restricting [plaintiff] to jobs that" reflected that opinion). Accordingly, Dr. Arora's opinion constituted substantial evidence supporting the ALJ's decision. See Petrie v. Astrue, 412 F. App'x 401, 405 (2d Cir. 2011) ("The report of a consultative physician may constitute . . . substantial evidence.") (citing Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983) (per curiam)).

**B. RFC Finding**

As an axiom to her first argument, plaintiff contends that the ALJ's RFC finding was unsupported by any medical opinion and was therefore improperly based on the ALJ's own lay interpretation of the evidence. Specifically, plaintiff argues that because

7

Dr. Arora's opinion was "hopelessly vague," the ALJ could not have relied on this opinion in formulating the RFC, and because the ALJ failed to give significant weight to the opinions of plaintiff's treating physicians, the RFC was left unsupported by any medical opinion. Plaintiff also contends that the ALJ failed to follow the treating physician rule with respect to his evaluation of opinions from plaintiff's treating sources, and thus failed to properly account for their opinions in the RFC finding.

Initially, the Court rejects plaintiff's argument that the RFC was unsupported by any competent medical opinion. As the Court has found, Dr. Arora's opinion provided substantial evidence supporting the ALJ's RFC determination, and the RFC adequately accounted for the limitations opined by Dr. Arora. Accordingly, the Court finds that the ALJ did not arrive at the RFC by way of his own lay judgment, but properly considered the opinion of Dr. Arora, as well as other substantial evidence of record, in reaching the RFC finding.

With regard to plaintiff's treating physicians, the record reveals that Dr. Stanley Michalski provided two assessments of plaintiff's functioning, and Dr. Ashok Singh completed one. Dr. Michalski's first RFC questionnaire, dated November 2, 2011, noted that he had been treating plaintiff for one year, approximately every one to three months. He opined that plaintiff could sit for only five minutes at a time and stand/walk for 10 to 15 minutes at a time; could sit for a total of only one hour and

8

stand/walk for zero to one hours in an eight-hour workday; she would need a job where she could shift positions; and she would need unscheduled breaks approximately every half hour. He opined that she could occasionally lift 10 pounds and frequently lift less than 10 pounds; had limitations in handling/fingering which would limit her to performing these activities from zero to 30 percent of the workday; and would be absent from work more than four times a month.

On November 4, 2011, Dr. Singh opined to similar limitations, and stated that plaintiff's symptoms were severe enough to frequently interfere with the attention and concentration required to perform simple work-related tasks. In a "fibromyalgia RFC questionnaire," dated February 26, 2013, Dr. Michalski opined that plaintiff's symptoms would frequently interfere with the concentration and attention needed to perform simple work tasks, but indicated that she was capable of low stress jobs. He opined that plaintiff could sit for about four hours and stand/walk for less than two hours in an eight-hour workday, and again noted that she would need unscheduled breaks. According to Dr. Michalski, she could occasionally lift ten pounds or less, and could occasionally twist but never crouch, climb ladders or stairs, and rarely stoop. He once again opined that she would miss work more than four times per month.

The ALJ gave little weight to these three treating physician opinions. In his discussion, the ALJ summarized evidence including

9

imaging tests and Dr. Michalski's own treatment notes, finding that the objective findings did not support either of the treating physician's opinions. The ALJ also found that plaintiff was not fully credible, noting that her alleged onset date of disability was the same day on which the daycare center at which she worked was closed, resulting in her termination.

The treating physician rule provides that an ALJ must give controlling weight to a treating physician's opinion if that opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with other substantial evidence in the record. See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 416.927(c)(2). However, "[w]hen other substantial evidence in the record conflicts with the treating physician's opinion . . . that opinion will not be deemed controlling. And the less consistent that opinion is with the record as a whole, the less weight it will be given." Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999) (citing 20 C.F.R. § 404.1527(d)(4)).

Upon a review of the record, the Court concludes that the ALJ provided good reasons for rejecting the opinions of plaintiff's treating physicians. Most notably, the objective medical evidence, including imaging and findings included in treatment notes, did not support the restrictive limitations opined by Drs. Michalski and Singh. Imaging tests of plaintiff's spine were largely unremarkable, showing mild degenerative and arthritic changes of

the lumbar and cervical spine. Dr. Michalski's physical examinations during the relevant time period indicated mostly normal ranges of motion of plaintiff's spine, hips, and extremities. Plaintiff did exhibit occasional limitations in ROM of the cervical and lumbar spines, along with trigger point tenderness. Medical records from Dr. Singh, which are relatively sparse and record only five treatment visits, reflect unremarkable physical examinations, with the exception of plaintiff's reports of tenderness "all over." See T. 327-32, 436-43.

As the ALJ found, plaintiff's treatment records are inconsistent with the restrictive limitations opined by Drs. Michalski and Singh. The ALJ was justified in according less than controlling weight to the opinions. See Clark v. Colvin, 2016 WL 4804088, *4 (W.D.N.Y. Sept. 13, 2016) ("[The treating physician's] opinion was inconsistent with the findings of his own treatment notes as well as with the findings of other treating and consulting sources. Therefore, the ALJ was within his discretion to decline to give controlling weight to [the] opinion.") (citing Rivera v. Colvin, 2015 WL 6142860, *4 (W.D.N.Y. Oct. 19, 2015) ("Because [the treating physician's] own treatment notes, as well as notes from other treating sources, contain substantial evidence of objective findings inconsistent with the limitations found by [the treating physician] in his . . . opinion, the ALJ was entitled to give that opinion less than controlling weight."); Kirk v. Colvin, 2014 WL 2214138, *7 (W.D.N.Y. May 28, 2014)

11

("Inconsistencies between [the treating physician's] treatment notes and final opinions constitute 'good reasons' for assigning her opinions non-controlling weight.")). Upon a review of the ALJ's decision and the record, the Court finds that the ALJ properly applied the substance of the treating physician rule. See <u>Atwater v. Astrue</u>, 2013 WL 628072, *2 (2d Cir. 2013) ("[S]lavish recitation of each and every factor [is not required] where the ALJ's reasoning and adherence to the regulation are clear.").

**V. Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (doc. 6) is denied and the Commissioner's motion (doc. 12) is granted. The ALJ's finding that plaintiff was not disabled is supported by substantial evidence in the record, and accordingly, the complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

                                                  **S/Michael A. Telesca**

                                                  HON. MICHAEL A. TELESCA
                                                  United States District Judge

Dated:    June 16, 2017
             Rochester, New York.